IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-994-C |
| | ) |
| WARDEN ERIC FRANKLIN, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated at the Oklahoma State Reformatory ("OSR"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the complaint has been conducted as required by 28 U.S.C. §1915A. Based on that review, the undersigned finds that Plaintiff has failed to plead and provide evidence of complete exhaustion of his available administrative remedies as required by 42 U.S.C. § 1997e(a), and it is therefore recommended that the complaint be dismissed without prejudice.

**Plaintiff's Complaint**

By this action, Plaintiff seeks money damages in the amount of ten million dollars from Defendants Warden Franklin, Nurse Barbara Sharp, P.A. John Goedert, Medical Administrator Carrie Garza, and Kitchen Staff Kevin Buchanan for various injuries he claims to have sustained as a result of Defendants' violations of his constitutional rights. Plaintiff sets out his claims in a narrative form, alleging that 1) he was injured when Nurse Sharp ran into him while driving a golf cart on the prison grounds; 2) Warden

Franklin ordered that Plaintiff's crutches be taken from him in retaliation for comments Plaintiff made in front of other inmates in the prison library; 3) Plaintiff was denied proper medical attention because the x-rays of his foot were not reviewed by a "certified radiologic technologist," because his foot injury was not treated or diagnosed by a "certified foot therapist," and because his "diabetic pills" were taken away from him; 4) Plaintiff further injured himself when he was forced to work in the kitchen despite his injured foot and fell on the wet floor; and 5) he was denied proper medical treatment for injuries resulting from the fall when Nurse Sharp moved him into a wheelchair.

**Standard of Review for Initial Screening**

When a complaint is filed by a prisoner who, like Plaintiff, seeks redress from a governmental entity or an officer or employee of a governmental entity, it is the responsibility of the court to review the complaint and dismiss all or any portion thereof which "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A court may dismiss, *sua sponte*, a pro se complaint for failure to state a claim upon which relief may be granted. *See Thorman v. Bernalillo County Detention Center*, No. 00-2073, 2000 WL 1730890, at *1 (10th Cir. Nov. 22, 2000) (citing *McKinney v. State of Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)).[1] A complaint which fails to plead and provide evidence of exhaustion as required by 42 U.S.C. § 1997e(a) is subject to dismissal for failure to state a claim. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003).

---

[1] Unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

**Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1995 (PLRA) requires that a prisoner must exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a), provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has found that the mandate of Congress is clear: exhaustion is <u>required</u>. *Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.") (quotation omitted). Moreover, the provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. *See also Woodford v. Ngo*, __ U.S. __, 126 S.Ct. 2378 (2006).

The Tenth Circuit has held that exhaustion is not an affirmative defense to be raised and proven by a defendant; rather § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele*, 355 F.3d at 1209-10. "To ensure compliance with the statute, a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) not only requires a prisoner to initiate the grievance process, but to follow the process to its end. *See Jernigan v. Stuchall*, 304 F.3d 1030, 1032 (10th Cir. 2002)("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA [Prison Litigation Reform Act] for

failure to exhaust his administrative remedies."). In addition, the Tenth Circuit has interpreted §1997e(a) to require total exhaustion of a prisoner's claims. *Ross v. County of Bernalillo,* 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, the presence in a prisoner's complaint of any claim which has not been totally exhausted requires dismissal without prejudice of the action in its entirety.

Under the Oklahoma Department of Corrections ("DOC") grievance policy, an inmate must initially attempt informal resolution of the complaint. *See* Inmate/Offender Grievance Process, OP-090124 .[2] If informal communication does not resolve the issue, the inmate must file a request to staff. If the dispute remains unresolved, the inmate can file a grievance. The DOC policy dictates that if a complaint cannot be resolved through a grievance or if the grievance goes unanswered for 30 days, the inmate should proceed to the administrative review authority. Exhaustion of this process is complete only when the inmate seeks relief through the administrative review authority.

Plaintiff asserts that he sought administrative relief for the claims raised in the complaint. Complaint at 5. However, his explanation of that administrative relief - "It was sought and made for me to be granted to forma pauperis and case is still pending[ ]" - is not responsive to the question of his exhaustion of administrative remedies. Plaintiff has attached several documents to the complaint in an apparent attempt to demonstrate exhaustion of his administrative remedies: 1) a Report of Nursing Practice Incident to the Oklahoma Board of Nursing regarding the Plaintiff's injury resulting from his being hit by a golf cart driven by Nurse Sharp; 2) a Request for Medical Services dated

---

[2]Available at http://www.doc.state.ok.us/offtech/op090124.htm> (accessed December 12, 2006).

July 13, 2006, which describes the golf cart incident and his injury; and 3) two requests to staff directed to Warden Franklin, one dated August 3, 2006 and one on August 7, 2006, both of which describe the golf cart incident and injury but focus mainly on the fact his crutches had been taken away. Plaintiff asserts that he also "put in an request to staff and grievance" to Carrie Garza, to Kevin Buchanan and another to Warden Franklin but that he was not allowed to keep copies and has not received timely responses. Complaint at 8. Plaintiff contends that the prison has thrown his requests and grievances away. However, Plaintiff fails to identify with specificity what claims were raised in these requests to staff and grievances. Moreover, Plaintiff offers no evidence that he took any steps to exhaust his administrative remedies as to any of his claims through the administrative review authority as required for complete exhaustion. Even assuming Plaintiff submitted grievances which were not answered, DOC policy provides that under such circumstances, the inmate may proceed to the administrative review authority. Plaintiff does not allege or offer any proof that he followed this procedure. Consequently, Plaintiff has failed to demonstrate that he fully completed the exhaustion procedure as to those claims addressed in the requests to staff. *See Jernigan*, 304 F.3d at 1032 (prisoner who did not attempt to cure error in exhaustion appeal but instead proceeded to federal court did not "properly" complete the grievance process); *See also Bias v. Cornell Corrections, Inc.,* No. 04-6353, 2005 WL 3485958, at *2 (10th Cir. Dec. 21, 2005).

      The undersigned finds therefore that Plaintiff has failed to meet his burden of pleading the required exhaustion of administrative remedies concerning the claims raised

in his complaint and recommends that Plaintiff's complaint be dismissed without prejudice.  *See Steele*, 355 F.3d at 1213.

## **RECOMMENDATION**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Plaintiff's complaint be dismissed without prejudice for failure to demonstrate exhaustion of the available administrative remedies.

In light of this recommendation, it is further recommended that Plaintiff's "Motion to Amend or Add Parties" [Doc. No. 8], "Motion to Appoint Counsel" [Doc. No. 9], "Motion for Temporary Restraining Order" [Doc. No 10], and Motion to File Charges Against the Defendants and Co-Workers [Doc. No.15] be denied as moot.[3]  Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 2nd day of January, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[3] On November 1, 2006, the Clerk of the Court received and docketed correspondence from Plaintiff with attachments regarding an apparent disciplinary matter then pending against Plaintiff.  Those documents are not part of any proper pleading filed in this case, and the Clerk should be directed to return the attachments which appear to be original documents to Plaintiff.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

IT IS SO ORDERED this 13th day of December, 2006.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE